*235 OPINION of the Court, by
Judge Logan.
This was an ejectment. In the prepress of the trial many . ■’ , , 1 °. . , ,. , i , exceptions were taken to the opinion del.vered by the court below by the defendants in that court, and the plaintiff having obtained a verdict and judgment against them they have appealed to this court.
We shall consider such of the points made by the assignments of error as are deemed material or important to the interests ot the parties, without regarding the or* der in which they occurred in the court below.
The first point we shall notice is,''that the surveyor’s report was erroneously admitted as evidence, lhe objection to its admission is founded upon the want of notice to one of the defendants, who was of full age, of the time of making the survey, and the insufficiency of the notice to the guardian of the other defendants, who were minors. It cannot be doubted that when a sur- , , veyor s report is. not intended merely as a mean to eaa-ble the witnesses to communicate their ideas intelligibly to the court and jury, but as in itself substantive evi-deuce, the adverse party ought to have notice ot the tune of making the survey. Reason, as well as the universal practice of the country, require it. The excuse for not giving notice in this instance to the defendant who was of full age, was his absence from the country at the time ; but that does not seem sufficient to justify the admission 01 the report as evidence against him. He was a permanent resident of the country, and his absence only a temporary one. In such a case his absence would
have been a sufficient reason for the plaintiff not to have xnade the survey,and to have obtained a continuance of the cause for the want of it; but it was no reason for using as evidence the survey which had been made without notice.
Deed to two perfons, and to thefurvivo r of them,his heirs & ajjigns, conveys an eftate for life, and a contingent remain • der in fee to the furvivor, & neither can during the life of the other, convey more than a moiety for life.
The death of a party out of the limits of the commonwealth may be proved by futathn among his relations & acquaintances*
With respect to the sufficiency of the notice to thq guardian of the other defendants, there is, we think, a3 little room for doubt. It warned the guardian thaw the plaintiff would proceed, on the day therein named, to make the survey of the tract of land which he claimed, but it contained no suggestion that any thing moré would be done. The plaintiff, however, not only proceeded to make the survey, but several other surveys which by the connection with it were intruded to establish its boundaries. Of the making thése surveys^ the guardian cannot with propriety be said to have had any notice ; nor could he have rationally inferred from the notice to make the other survey, without any farther intimation, that they would have been made. Had he indeed attended at the making of the survey of which he had notice, he might then have been informed of the plaintiff’s intention to make other surveys ; but he was under no obligation to the plaintiff to attend ; he might do so or not, at his election ; and although the survey of which he had notice was evidence against him, notwithstanding his failure to attend, such failure could nol make the others evidence of which he had not notice. The report of the surveyor was therefore erroneously admitted as evidence,
The second point we shall consider is, whether certificates of surveys calling for lines or corners of the plaintiff’s survey, but made subsequent thereto, were admissible evidence to prove his boundaries ?
Where a survey calls for lines or coraers of a prior survey, as such prior survey in that case composes a part of the description of the subsequent survey, it; would unquestionably be proper evidence : but the subsequent survey can in no case constitute any part of the description of a prior one. It can at most amount but to a declaration of the surveyor who made it of the position of the boundaries of the prior survey, and ought to be received as evidence only under circumstances which would render hearsay evidence admissible. General reputation is perhaps in all cases, hearsay is in some cases, admissible evidence in relation to the subject of boundaries, because from its nature it does not admit of more direct and positive proof: but the clear result from all the cases with respect t® the admission of hearsay evidence is, that proof of what any particular *237 person has sajd cannot be admitted, unless it appears ^that such person is absent from the country, or dead, wfer otherwise incapable of giving evidence in the cause. And as this was not proven to be the case with respect to the surveyor who made the surveys'offered in evidence in this instance, the certificates of survey were inadmissible.
A third point is, that the conveyances through which the plaintiff derives title were not sufficiently authenticated. They are certified by the mayor of Philadelphia, where the grantors resided, to be acknowledged before him, with the seal of the mayoralty annexed, and were afterwards received and recorded in the office of the clerk of this court.
The law requires in such case that the mayor should Certify the acknowledgment of the deed in the manner such acts are usually authenticated by him ; and it is objected that in this instance there is no proof of what is the usual manner of authenticating such acts by the mayor of Philadelphia. But this objection cannot, we apprehend, be sustained : for as the certificate purports on its face to be made in his official capacity, and is accompanied with the seal of his office, it must be presumed to be done in the usual manner; and positive proof that it was so done ought not to be required.
To receive and admit to record deeds thus authenticated, has, it is believed, been the uniform practice ever since the passage of the law ; and to require other or additional proof, would be pregnant with much mischief and inconvenience, without producing any salutary effect.
The other points which are deemed material to be noticed Yelate to the title of the plaintiff.
It appears that the patentee granted ths tract in controversy to Vanuxam and Lambert, and to the survivor of them, his heirs and assigns ; and that Vanuxam af-terwards conveyed it in fee to the plaintiff. It cannot be doubted that the grant from the patentee conveyed to Vanuxam and Lambert an estate for life, and a con-,rtingent remainder in fee to the sürvivor : for although there is no express limitation to them lor life, the express limitation of the fee to the survivor necessarily implies it. Nor can there be any doubt that the contingent renaainder is good : for tfyere was a particular *238 esta|e of freehold to support it, and eo instante that the particular estate determined the estate in remainder •.commenced.
It is evident, under this grant, neither of the grantees, during the life of the other, could by bargain and sale convey more than a moiety of the land for life. It was necessary^ therefore, for the plaintiff, in order to shew that the conveyance to him from Vanuxam transferred the entire estate in fee, to prove that Lambert had died prior to the execution of the conveyance. This, are of opinion, was sufficiently done by the evidence in the cause. It was proved that in his family and amongst his acquaintances in Philadelphia, where he. resided, he was reputed to be dead ; and such evidence was unquestionably admissible, where the death of the person, as in this case,, happened beyond the limits of the commonwealth.
Upon these latter points, therefore, we are of opinion the court below decided correctly ; but as they erred upon those first mentioned, the judgment must be reversed.
Judgment reversed and cause remanded for new proceedings to be-had not inconsistent with this opinion..