Judge Ewing

delivered the Opinion of the Court.
On the trial of this cause, the plaintiff offered to read to the jury, a deed bearing date the 7th day of November, 1794, from Garland & Reynolds to Durvall, as a link in the chain of derivation of title; which was excluded by the Court, and a verdict found for the defendant.
The only objection made to the deed, is, that it was not properly authenticated.
On the 26th day of January, 1796, the deed was admitted to record, in the Court of Appeals, on the following authentication indorsed thereon:—
“I, John Brown, clerk of the General Court of the “Commonwealth of Virginia, do hereby certify, that, at “a General Court, held at the capitol, in the city of Rich“mond, the 12th day of November, 1794, this indenture “was acknowledged by John Garland and Wm. Reynolds, “parties thereto. In testimony whereof, I have hereunto ‘‘set my hand, and affixed the seal of the said Court, at “Richmond, the 14th day of November, 1794.”
By order of the court. “J. Brown.”— with the seal of the Court attached.
The statute of 1785, (1. Statute Law, 433,) provides, that, for non-residents, “an acknowledgment of a deed, or the proof by the requisite number of witnesses, made before any court of law, and certified, by such court, in the manner such acts are usually authenticated by them, and offered to the proper court to be recorded, within eighteen months after the sealing and delivering, shall be as effectual as if it had been in the last mentioned court.
We think that the certificate of the Clerk, under the seal of the Court, was the usual manner that the acts of the Virginia Courts were authenticated at the time the *113 acknowledgment was made. But if this were doubtful, it must be presumed that the authentication was made in the manner such acts were at that time usually authenticated by them, in accordance with the principle settled by this Court, in the case of Ewing’s Heirs vs Savary, 3 Bibb, 237.
The statute does not require that the acknowldgement or proof shall be spread on the records of the court taking it. Nor can it be implied that the framers of the act so intended.
For such a proceeding would be, to require a foreign court, to encumber their records with matters having no connection with the business of the Court, and to which they could not be required to submit. It can be no objection to the certificate of the clerk, therefore, that he has not copied the record of acknowledgment, and certified it as a copy of his record.
It certainly would have been more formal for the fact of acknowledgment, or proof, to have been indorsed on the deed, with the history of the manner in which it was done; and then for the clerk to have authenticated the same under the seal of the court.
But as the certificate shows, that the acknowledgment was made, in open court, and it is certified under the seal of the Court, and is done “by order of court,” that it is in substance good, and in form will suffice. It contains enough to show that all the statute required was done, and before a competent authority. And though it does not show the precise manner in which it was done, it should not, for this informality, be condemned. Too severe a test ought not to be applied to the authentication of so ancient a deed.
The judgment of the Circuit Court is reversed, and cause remanded, that a new trial may be granted without the payment of costs, and the plaintiff is entitled to cost in this court.