Argued May 28; affirmed July 8, 1941

# ERICKSON *v.* ERICKSON

(115 P. (2d) 172)

[ 1 ]

Before KELLY, Chief Justice, and BAILEY, LUSK, RAND, ROSSMAN and BRAND, Associate Justices.

*John H. Kelley*, of Portland, for appellant.

*Glenn R. Jack*, of Oregon City (Butler & Jack and George L. Hibbard, all of Oregon City, on the brief), for respondent.

The plaintiff, proceeding under the Uniform Declaratory Judgments Act, seeks an adjudication as to the rights of the respective parties under a deed.

The grantors, on the 28th day of November, 1919, executed to James T. Erickson and Peter Erickson, their sons, a conveyance of real property which contained the following recital:

"The Grantees herein do not take the title in common but with the right of survivorship; that is, that the fee shall vest in the survivor of the grantees.

"Together with the tenements, hereditaments and appurtenances thereto belonging, or in anywise appertaining; and also all their estate, right, title, and

interest, at law and equity therein or thereto, including rents, issues and profits thereof.

"To Have and to Hold, the same to the said grantees, their heirs and assigns forever; * * *."

Peter Erickson died, leaving the defendant Mittie Erickson as his widow and sole heir at law. James T. Erickson, the surviving brother, as plaintiff, claims that under the provisions of the deed he is now the surviving grantee and owner of the fee simple title to the real property. Mittie Erickson, the defendant, as sole heir of Peter, claims that she is the owner of an undivided one-half interest in the real property as tenant in common with the plaintiff.

The trial court held for the plaintiff as survivor. Defendant appeals.

BRAND, J. A proper determination of the rights of the respective parties is thought to depend upon the construction of the Oregon statutes relating to joint tenancy. In 1854 the territorial legislature passed an act, of which the following is a part:

"Sec. 38. Joint tenant, or tenant in common, and his executors or administrators, may maintain an action against his co-tenant, for receiving more than his just proportion of the rents or profits of the estate owned by them as joint tenants, or tenants in common." Stat. of Oregon, 1855, p. 410, § 38. (Enacted Jan. 16, 1854.)

The same legislature enacted the following provision:

"Sec. 9. Every conveyance or devise of lands, or interest therein, made to two or more persons, other than to executors and trustees, as such, shall be construed to create a tenancy in common in such estate, unless it be expressly declared in such conveyance or devise, that the grantees or devisees shall take the lands as joint tenants." Stat. of Oregon, 1855, p. 519, § 9. (Enacted Jan. 13, 1854.)

This provision now appears as 5 O. C. L. A., § 70-108. In 1862 there was passed "An act supplemental to an act to provide a code of civil procedure, and to repeal certain acts and sections of acts in conflict therewith." Section 1 provided: "That the acts and sections of acts hereinafter enumerated be and the same are hereby repealed, namely:" Then follows a lengthy enumeration of earlier statutes which are specifically repealed. Among other acts specifically repealed, we find enumerated:

"Section 38 of an act relating to estates in dower, by curtesy, and general provisions concerning real estates, passed January 16th, 1854, and the following is enacted in lieu thereof: 'A tenant in common may maintain any proper action, suit, or proceeding against his co-tenant, for receiving more than his just proportion of the rents or profits of the estate owned by them in common; and joint tenancy is abolished, and all persons having an undivided interest in real property are to be deemed and considered tenants in common.' " General Laws of Oregon, 1862, p. 125.

This provision now appears as 5 O. C. L. A., § 70-205. The act of 1862 also specifically repealed two sections and one title of the very same statute of January 13, 1854, which contains section 9, supra, (the section authorizing the creation of joint tenancy is expressly declared). But section 9 was not mentioned among the sections specifically repealed.

■ Where a statute expressly repeals specific acts, there is a presumption that it was not intended to repeal others not specified; on the other hand, there is an implied approval of the statutes not specified. *Meese v. Northern Pac. R. R. Co.*, 211 Fed. 254 (1914) ; *Dickens v. Dickens*, 174 Ala. 305, 56 So. 806 (1911); *Western New York Institution for Deaf Mutes v. Broome County*, 82 Misc. 63, 143 N. Y. S. 241, at 243 (1913);

*State v. De Graff*, 143 Wash. 326, 255 P. 371 (1927); 1 Lewis' Sutherland, Stat. Const. p. 568, § 292; *Pace v. State*, 189 Ark. 1104, 76 S. W. (2d) 294, at 298 (1934).

"It has even been held, that a specific repeal by one statute of a particular section of another raises a clear implication that no further repeal is intended, unless there is an absolute inconsistency between other provisions of the two statutes." Endlich, Interpretation of Stat. p. 273, § 203; *People v. Henwood*, 123 Mich. 317, 82 N. W. 70 (1900); 59 C. J. 909, 910, § 512. See also *State ex rel. Wagner v. Patterson*, 207 Mo. 129, 105 S. W. 1048 (1907).

■ Referring to the statutes of 1854 and of 1862 by their current section numbers, we conclude that there is a strong presumption that O. C. L. A. § 70-108 (from the act of 1854) was not repealed by O. C. L. A. § 70-205, the enactment of 1862.

It is perhaps significant that both sections have remained in the code from the respective dates of enactment to the present time, and that both sections have been referred to by this court as if still in effect. *Twigger v. Twigger*, 110 Or. 520, at 533, 223 P. 934 (1924); *Stout v. Van Zante*, 109 Or. 430, at 433, 219 P. 804, 220 P. 414 (1923). Giving effect to these presumptions, it becomes the duty of the court to hold both sections still in effect unless there is an absolute inconsistency between the provisions of the two statutes.

The history of early enactments in Illinois presents a surprising resemblance to the Oregon situation. In 1821 the legislature passed "An Act concerning Partitions and Joint Rights and Obligations" of which section 2 provided:

"Sec. 2. Be it further enacted, that if partition be not made between joint tenants, the parts of those who die first shall not accrue to the survivor or survivors; but descend or pass by devise, and shall be subject to

debts, dower, charges, etc. or transmissable to executors or administrators, and be considered, to every intent and purpose, in the same view as if such deceased joint tenants had been tenants in common." See Laws of Illinois (Gale's Stat.) 1839, p. 515, § 2.

In 1827 there was passed "An Act concerning conveyances of Real Property" of which section 5 provided:

"Sec. 5. No estate in joint tenancy, in any lands, tenements or hereditaments, shall be held or claimed under any grant, devise, or conveyance, whatsoever, heretofore or hereafter made, other than to executors and trustees, unless the premises therein mentioned, shall expressly be thereby declared to pass, not in tenancy in common, but in joint tenancy; and every such estate, other than to executors or trustees, (unless otherwise expressly declared as aforesaid,) shall be deemed to be in tenancy in common." See Laws of Illinois (Gale's Stat.) 1839, p. 149, § 5.

Both sections were carried through in all revisions down to and at least including the year 1887. See Rev. Stat. of Illinois, (Cothran's Ann. Ed.) 1887, p. 859, Ch. 76, § 1, and p. 307, Ch. 30, § 5. And it was under that situation that the case of *Mittel v. Karl*, 133 Ill. 65, 24 N. E. 553, 8 L. R. A. 655 (1890) arose. The only substantial difference between the situation in Illinois and the situation in Oregon lies in the fact that in Illinois the chronological order of the two acts is reversed. In the case of *Mittel v. Karl*, supra, a grantor conveyed lands to Maria Jobst and Michael Jobst, her husband and "the survivor of them, in his or her own right." Maria died. The decision of the case required a determination of the nature of the tenancy of Maria and Michael. The court cited both the Illinois statutes above set forth and construed both as if in existence.

The court held that a joint tenancy might be created in the manner provided in the act of 1827 (then section 5 of Ch. 30, Rev. Stat.) but that by the terms of the act of 1821 the right of survivorship was taken away. Speaking of the deed, the court said:

"* * * It provides for a survivorship, it is true, which is regarded as one characteristic of a joint tenancy; but the declaration which the statute requires to establish the estate is nowhere found in the deed, and, in the absence of such a declaration, we are inclined to hold that the estate was not created. We think the language of the deed, when properly understood, will admit of but one construction, and that is that the premises were conveyed to Maria and Michael Jobst for life, with a contingent remainder in fee to the survivor." Citing *Ewing's Heirs v. Savary*, 3 Bibb, 235 (Ky. 1813).

■ In construing the sections of the Oregon statute, consideration of the statutes and decisions of other states will be of assistance. The laws of at least twenty-nine states provide, in substance, that conveyances to two or more persons other than trustees, etc., shall be construed to create tenancy in common. But they also expressly provide that joint tenancy may still be created by express words. The presumption of the ancient common law in favor of joint tenancy is thus abolished, but, except in two or three states, we find no judicial hostility to joint tenancies if they arise from the expressly manifested intent of the grantor. The early construction favoring joint tenancies often resulted in the creation of an estate which was not intended by the grantor, and it is believed that the so-called legislative and judicial hostility to joint tenancies arose out of this fact and not out of any hostility to the right of survivorship if expressly declared.

Referring to the Pennsylvania statute, hereafter cited, the court in *Lentz v. Lentz*, 2 Philadelphia Reports 117, said:

"The object of the act was to cut off survivorship by operation of law aside from or contrary to the meaning of the donor, and not to restrain or preclude any direction which he may think fit to impress on the transmission of his property within the limits prescribed by the law of perpetuities." See *Malone v. Sullivan*, 136 Kans. 193, 14 P. (2d) 647, 85 A. L. R. 275.

The change in judicial attitude is well described in 3 Restatement of the Law of Property, p. 1445, as a "shift from the earlier *constructional preference* of the common law for joint tenancies to the present *constructional preference* for tenancies in common." (Italics ours.)

■ At this point distinctions must be made. For a technical joint tenancy at common law it was necessary that the tenants should have (a) one and the same interest; (b) that the interest must accrue by one and the same conveyance; (c) that the interest must commence at one and the same time; and, (d) it must be held by one and the same undivided possession.

"The estate in joint tenancy presents some of the most artificial rules of subtle distinctions of the ancient common law." 7 R. C. L. 813, § 5.

But we are not required in this case to determine whether or not James T. Erickson and Peter Erickson were joint tenants during the lives of both, as joint tenancy was known to the common law. The question is whether upon the death of Peter Erickson, James T. Erickson became the owner of the fee, either by right of (1) technical joint tenancy, or, (2) by right of survivorship without respect to the creation of a technical joint tenancy, or, (3) by virtue of a life estate created

by the deed in Peter and James as tenants in common with cross-contingent remainder to the survivor. If the deed should be found to fall within any one of the three last-named categories, and if those categories are legal in Oregon, then the decree of the circuit court should be affirmed.

The statutes of the following states, while not identical, do nevertheless contain substantially the same provisions: Alabama Code, (1928), § 6924; Code of Georgia, Vol. II (1895) § 3142; Gen. Stat. of Kans. (1935) § 22-132; North Carolina Code (1939), § 1735; Purdon's Penna. Stat. (Perm. Ed.) Title 20, § 121; Code of South Carolina (1932) § 8911; Michie's Tenn. Code (1938) Ann. § 7604; Vernon's Texas Stat. (1936) Art. 2580; 3 Remington's Rev. Stat. of Wash. (Ann.) Title 10, § 1344. All refer to joint tenancy and all provide that the interest of the one who dies first descends as if the parties had been tenants in common. In none of these statutes is there expressed any authority to create a right of survivorship by express words, thus differing from the twenty-nine states previously mentioned. The statute of Tennessee is typical:

"§ 7604. In all estates, real and personal, held in joint tenancy, the part or share of any tenant dying shall not descend or go to the surviving tenant or tenants, but shall descend or be vested in the heirs, executors, or administrators, respectively, of the tenant so dying, in the same manner as estates held by tenancy in common." Michie's Tenn. Code, 1938.

In these states the language prohibitory of the right of survivorship appears to be as explicit as the words of O. C. L. A. § 70-205. Yet the courts of Alabama, Georgia, Kansas, North Carolina, Pennsylvania, Tennessee, and Texas have asserted that the right of a

survivor to the fee may be created by express words. True, the reasoning has not in all cases been uniform, some courts resting their conclusion on the express creation of a right of survivorship per se (*Chandler v. Kountze*, (Tex.) 130 S. W. (2d) 327) and others construing the instrument as creating a tenancy in common for life in two or more with a cross-contingent remainder in the survivor.

The leading case is *Arnold v. Jack's Executors*, 24 Pa. St. Rep. 57 (1854). A testator devised realty to his three brothers "as joint-tenants, and to the survivors and survivor of them, and the heirs of said survivor * * *." The court said:

"* * * Is it not clear then that Henry Jack intended that his three brothers should take an estate for life with cross-remainder in fee to the survivor, or in other words that the estate should be held and enjoyed by all during the life of all, by two after the death of one, and by the survivor in fee simple, subject to be disposed of at any time by the consent of the parties in interest?

"If such was the intention of Henry Jack, can it be carried into effect without violating any rule of law? Was it a legal intention?

"It is not pretended that there is any prohibition either in the statute or common law against devising an estate for life to two or more, with remainder in fee to the survivor; but it is alleged that the devise here was to the three brothers as *joint-tenants*, and that by the Act of 31st March, 1812, the '*jus accrescendi*,' or right of survivorship in joint-tenancy is abolished, and that the limitation in the will to the survivors referred to those *who survived the testator*, and not to an indefinite survivorship.

"It is a question worthy of consideration whether the provisions of the Act of 1812 apply to a joint-tenancy created by express words in a devise, or whether the operation of the Act should not be con-

fined to those technical joint-tenancies arising from the unities of *'time, title, interest, and possession;'* but conceding that the right of survivorship, as an incident of a joint-tenancy, no matter how created, is gone, it by no means follows that this right may not be expressly given either by a devise in a will or by grant in a deed of conveyance. It may cease to exist as an incident, and yet be legally created as a principal. That it was created in the will under consideration is apparent when we consider the whole of the devise. Had the testator merely given the estate to his brothers as joint-tenants, it may be that the Act of 1812 would have excluded the right of survivorship. Had it been devised simply to the three, the survivors or the survivor of them, it is probable that its true construction would have referred the time of survivorship to the death of the testator; but when we find that the devise is to the three brothers expressly as 'joint-tenants, and the survivors and survivor of them, and the heirs of said survivor,' and that the right to transfer depends upon the assent of all, we cannot doubt but that the ultimate survivor was finally to be the recipient of the entire estate.'' And see *Jones v. Cable*, 114 Pa. 586, 7 A. 791 (1887); *Redemptorist Fathers v. Lawler*, 205 Pa. 24, 54 A. 487 (1903).

In *Taylor v. Smith*, 116 N. C. 531, 21 S. E. 202 (1895) two sisters agreed with each other that a certain note in which both were named as payees should go to the survivor of them under certain conditions. The court said:

"* * * When the two sisters agreed with each other to hold the note, in which each had an individual moiety as joint tenants, subject to the right of survivorship, these mutual rights of survivorship, when once created, were assignable equities, constituting mutual considerations sufficient to support the agreement. The act of 1784 (Code, § 1326) abolishes survivorship where the joint tenancy would otherwise have been created by law, but does not operate to prohibit per-

sons from entering into written contracts as to land, or verbal agreements as to personalty, such as to make the future rights of the parties depend upon the fact of survivorship.''

In the case of *Equitable Loan & Security Co. v. Waring*, 117 Ga. 599, 44 S. E. 320, 62 L. R. A. 93, 97 Am. St. Rep. 177 (1903), the court wrote an extensive opinion concerning the legality of complicated investment plants of the loan company. It was contended on motion for rehearing that the opinion of the majority had recognized that the scheme was ''dependent to some extent upon the doctrine of survivorship; and that as joint tenancy with its incident of survivorship had been abolished in this State, the ruling is unsound to the extent referred to.'' On rehearing the court said:

''* * * While the doctrine of survivorship as applied to joint tenancies has been distinctly abolished and does not exist in this State, there is no law of this State that we are aware of which prevents parties to a contract, or a testator in his will, from expressly providing that an interest in property shall be dependent upon survivorship. Of course all presumptions are against such an intention; but where the contract or will provides, either in express terms or by necessary implication, that the doctrine of survivorship shall be recognized, we know of no reason why a provision in the contract or will dependent upon such doctrine may not become operative under the laws of this State.''

In the case of *First Nat. Bank of Birmingham v. Lawrence*, 212 Ala. 45, 101 So. 663 (1924), a savings account was opened in the joint name of husband and wife. The husband died and the wife claimed the entire deposit as survivor. It was held that she was entitled to the entire fund. After referring to the abolition of the right of survivorship between joint tenants and

to the enactment of the Married Women's Acts, the court said:

"* * * As a result of our statutory system joint owners of property, real or personal, including husband and wife, holding by inheritance, grant, devise or gift, become tenants in common, each owning a moiety, which, upon death, passes under the statute of descents and distributions. There is no survivorship as an incident to such estate. This does not mean there may not be an express grant to two or more, and to the survivor or survivors, upon the death of either.

"The same result may be worked out as to personalty and choses in action. ·Accordingly, it appears to be generally held that husband and wife may so arrange a joint savings deposit as to be withdrawn in whole or in part by either, and by the survivor in case of death. 3 R. C. L. p. 527, § 155; 7 C. J., p. 640, § 324; 3 Michie on Banks and Banking, §§ 2201-2205; 28 C. J. p. 664; § 64, note 53; 30 C. J. p. 574, § 107, notes 24, 25."

In the case of *Withers v. Barnes*, 95 Kans. 798, 149 P. 691, Ann. Cas. 1917B, 55 (1915), the court said:

"* * * Section 2966, Gen. Stat. 1909, abolished joint tenancies and the doctrine of survivorship by operation of law. It would be far-fetched, indeed, to hold that the grantor of a fee could not purposely make a conveyance which would confer common ownership on two grantees or the entire fee on one of them upon the death of the other." See also Malone v. Sullivan, supra.

In *McLeroy v. McLeroy*, 163 Tenn. 124, 40 S. W. (2d) 1027 (1931), the grantor conveyed to her son and daughter in the following words: "the First party has bargained and sold and doth hereby bargain, sell, convey and confirm unto the second parties, and to the survivor, the following described real estate," etc. The court cited the Tennessee statute, supra, and said:

"At common law where an estate was granted to A and B and the latter died the former became vested

with the entire estate, and to change this rule the statute in question was enacted. The authorities are practically unanimous in holding that such statutes in no wise abridge or prohibit the creation of an estate of survivorship by will or deed." 33 C. J. 901, § 3. See also *Blodgett v. Union & New Haven Trust Co.* 111 Conn. 165, 149 A. 790 (1930); *Houghton v. Brantingham*, 86 Conn. 630, 86 A. 664 (1913).

◼ Guided by the light of these authorities we approach our conclusion. The abolition by statute of joint tenancies, even in the absence of a saving clause permitting the creation thereof by express words, is to be construed as an abolition of joint tenancy at common law and not as a prohibition of the right of survivorship if created by express words. Such right may exist without all of the incidents of technical joint tenancy.

◼ If we consider O. C. L. A. § 70-108 along with O. C. L. A. § 70-205, the same conclusion is reached. In view of the presumption that the earlier act was not repealed by the latter and of our consequent duty to attempt a harmonious construction of the two sections, we must conclude that although technical joint tenancy is abolished, nevertheless the right of testators and grantors (retained in O. C. L. A. § 70-108) to effectuate their intention by express words still exists, at least to the extent of creating directly a right of survivorship analogous to the "grand incident" of common law joint tenancy. The two sections construed together might be read: Joint tenancy is abolished and all persons having an undivided interest in real property are to be deemed and considered tenants in common, except where the right of survivorship is expressly declared. The effect of section 70-108 is thus modified but the section is not repealed. The same result is reached by

construing the word "deemed" as creating a rebuttable rather than a conclusive presumption. It is true that the word usually implies a conclusive presumption or an adjudication, but it may connote a disputable one. *Sanitary Milk & Ice Cream Co. v. Hickman*, 119 W. Va. 351, 193 S. E. 553 (1937); *Cory v. Spencer*, 67 Kans. 648, 73 P. 920, 63 L. R. A. 275 (1903); Succession of Jackson, 47 La. Ann. 1089, 17 So. 598; *Kleppe v. Odin, Tp.*, 40 N. D. 595, 169 N. W. 313 (1918); *Moody v. State*, 159 Tenn. 245, 17 S. W. (2d) 919 (1929); *Rex v. Fraser*, 45 N. S. 218 (1911); *Reg. v. Freeman*, 22 N. S. 506 (1890).

The construction suggested harmonizes with the action taken by the legislature of 1862 in expressly repealing section 38 of the Laws of 1854 which provided for a remedy in the nature of an accounting between joint tenants. Section 38 of the act of 1854 was undoubtedly passed to supply a right between technical joint tenants, which was not adequately assured to them at common law. Since the technical joint tenancy was abolished in 1862, the provisions of the act of 1854 became no longer necessary.

■ Two questions remain. Under a deed to two which expressly creates the right of survivorship, but does not create technical joint tenancy, does the survivor take the fee by virtue of his survivorship or should he be construed to take as the remainderman under a deed granting a life estate to two as tenants in common with a contingent remainder in fee to the survivor? And if he does take as survivor rather than as contingent remainderman, what were the rights between the tenants when both were living? A technical joint tenancy at common law may be severed *inter vivos* by the act of one joint tenant in selling his interest or by the levy and

sale thereof upon execution by the creditor of one. 4 Thompson, Real Property (Perm. Ed.) pp. 317, 318, §§ 1780, 1783; Book 2, Blackstone 185; *Lawler v. Byrne*, 252 Ill. 194, 96 N. E. 892 (1911).

 In view of our statute abolishing technical joint tenancy, real estate conveyed to two persons by a deed, which merely provides that the survivor shall take the fee, may not have the attribute of technical joint tenancy to which we have last referred, nor do we now hold that all the unities and attributes of common law joint tenancy are to be read into such a conveyance. If this suit for a declaratory judgment had been instituted during the life of both grantees the foregoing questions would have required an answer. But, since Peter Erickson is dead, we shall have fully adjudicated the rights of the parties by holding as we do that James T. Erickson is the owner of the fee. The determination of the exact nature of the previous rights of the tenants *inter vivos* may well await the trial of a case which presents that question. It is, however, clear that an instrument construed as creating an estate for life in two or more as tenants in common with a contingent remainder in fee to the survivor would create an expectant interest of survivorship in each grantee which could not be divested by any act of the other or his creditors. If obstacles should hereafter be found to a holding that a survivor takes the fee by virtue of his survivorship, the validity of our conclusion here would be unaffected. There are persuasive reasons for holding that the deed in this case should be construed as granting a life estate to two as tenants in common with a contingent remainder to the survivor and without violation of any Oregon statute. *Dover Co-operative Bank v. Tobin*, 86 N. H. 209, 166 A. 247 (1933); 4

Thompson, Real Property, (Perm. Ed.) p. 321, § 1786; *Mittel v. Karl*, supra.

In the case of *Burns v. Nolette*, 83 N. H. 489, 144 A. 848, 67 A. L. R. 1051 (1929), the court said:

"The conclusion in Garland's Appeal, supra, that a right of survivorship can be created only through the form of a joint tenancy, is not in accord with the English view of the common law. It is true that a right of survivorship is an incident of a joint tenancy only. In the absence of a statute changing the rule, it is implied from the creation of such an estate. But, while the right is not so incident to an estate in common, it may nevertheless be annexed thereto. All that is required is that the intent to create it be expressed.

" 'It has sometimes been objected that this interpretation of the word "survivor" cannot be adopted where there is a gift to several persons as tenants in common, not as joint tenants. But there is obviously a very great distinction between the limitation of survivorship that is involved in a gift of joint tenancy, and the limitation of the word "survivor" which is annexed to a tenancy in common. The survivorship involved in an estate in joint tenancy is that which is capable of being defeated at the pleasure of the joint tenant, so that if, by alienation or otherwise, the joint tenancy is converted into a tenancy in common, the survivorship ceases; but when a gift to the "survivor" is annexed to a tenancy in common and not to a joint tenancy, then the limitation takes effect by virtue of the gift, and not by virtue of something involved in a limitation of joint tenancy.' *Taafe v. Coumee*, 10 H. L. Cas. 64, 78. Such a provision creates life estates, with cross-remainders. Id.

"If the intent to create a right of survivorship is expressed, it is to be given effect. Such expression could be found from the evidence here. * * * That it recites a purpose to create a joint tenancy, as well as a right of survivorship, does not render the latter object invalid if the provision as to joint tenancy is ineffective because the four unities are not present. Survivorship

without joint tenancy being permissible, and survivorship being the real object evidently in view, it is not to be defeated because the depositor, or the bank officials who advised her, mistook the technical meaning of the term 'joint tenancy' and used it to describe a transaction to which it was inapplicable."

There is nothing in the statute which prohibits tenancy in common to two for life, and such tenure is recognized by the courts. There is nothing in it prohibiting a contingent remainder in fee, or a cross-contingent remainder in fee, and that too is recognized at common law. There is nothing in the deed which prohibits such construction. The deed recites that the "grantees herein do not take the title in common * * *." Under the construction suggested they would not take as tenants in common in the common-law sense of that term for the heirs of the parties would not inherit the respective undivided interests. Again, the survivor would take the fee, thus fulfilling the express intent of the grantor. Under no conditions can the deed in the case at bar be construed so as to cause the interest of the deceased tenant to descend to his heir and thus to defeat the right of the survivor to take the fee. No statute requires it and the intent of the grantor forbids it.

It remains only to determine whether the conclusion reached is at variance with the previous decisions of this court. In *Le Vee v. Le Vee*, 93 Or. 370, at 382, 181 P. 351, 183 P. 773 (1919), the court said: "Joint tenancy has been abolished in this state: Section 7175, L. O. L. (now O. C. L. A. § 70-205). Tenants in common hold their interest in realty independent of each other." This case involved real property. Obviously the court meant no more than to say that joint tenancy at common law has been abolished. We agree.

In the case of *Twigger v. Twigger,* supra, the court quoted, as if still in existence, both sections 70-108 and 70-205. The court said:

"In the first of these sections the tenants are referred to as 'two or more persons.' In the next, after abolishing joint tenancy, the phrase is 'all persons having an undivided interest in real property.' Neither of these expressions can refer to the common-law unity cast upon husband and wife."

The case involved a deed to husband and wife and the court, speaking of tenancies by the entirety, added at page 534: "Consequently they are not within the purview of the sections just quoted which speak only of a plurality of tenants." The case presents nothing inconsistent with our present conclusion.

In the famous case of *Stout v. Van Zante,* supra, the plaintiff and her husband sold real property which they had held as husband and wife, and took notes payable to both of them in payment. There were no express words of survivorship. The husband died and the wife claimed to be the sole owner of the notes as survivor. The court said: "In this state it has never been held that estates by the entirety exist in personal property, * * *." This case is of course distinguishable because it involved the rights of husband and wife. However, even here the court by implication recognized that there might be a right of survivorship if the intent expressly appeared. The court said:

"The evidence entirely fails to disclose that there was any agreement between the husband and wife that upon his death the plaintiff should become the owner of his interest in the note, * * *."

Upon the hearing it was urged that if the wife did not take as the survivor in a tenancy by the entirety she

should be deemed to have taken as the survivor in a joint tenancy. The court disposed of this contention as follows:

"* * * This contention implies that at common law a husband and wife, upon the acquisition by them jointly of property during coverture, not only held the property by the entirety but also as joint tenants. This supposition, however, is erroneous." (Citing cases).

The court said further:

"Hence, under the rules of the common law, the respondent and her husband would not have become joint tenants of notes acquired by them jointly during coverture. Nor do we agree with the contention now made that while joint tenancy, in its application to real property, is now abolished by statute in its application to personal property it is not."

In conclusion the court held that the statutes concerning joint tenancy applied to personal property as well as to real, and that the "common-law doctrine" of joint tenancy, except in case of trustees and executors, has been abolished in this state. The court's reference to the "common-law doctrine," coupled with its comment on the fact that there was no express agreement for survivorship, indicates that it was not the intention of the court in the Van Zante case to hold that rights of survivorship could not be created by express words. It is therefore not in conflict with our present opinion.

In the case of *Webb v. Woodcock*, 134 Or. 319, 290 P. 751 (1930), promissory notes were made payable to James H. Palmer and Laura M. Palmer, or the survivor. The payees were husband and wife. The court, without citation of any statute or decision, observed that the appraisers and their attorney evidently looked

upon the notes as an entirety which passed to the survivor, and added:

"* * * Whereas, notwithstanding the language used, Palmer and his wife were tenants in common and the estate of Mrs. Palmer was entitled to a one-half interest; but, as the heirs of Mrs. Palmer were disposing of all their interest, the distinction is of no practical importance except as indicating the value of the consideration they were exchanging for Palmer's promise to make a will in their favor."

This case also is to be distinguished by the fact that the parties were husband and wife and that the subject-matter was personal property. It is apparent from the foregoing quotation that the writer of the opinion in the Woodcock case considered technical joint tenancies at common law to be abolished and we agree, but he did not apparently give consideration to the possibility of creating a right of survivorship by express words.

Upon this point the case of *Webb v. Woodcock* is greatly weakened by the holding of this court in the case of *In Re Edwards' Estate*, 140 Or. 431, 14 P. (2d) 274 (1932), in which "a joint account" was created in husband and wife payable to either or to the survivor in case of the death of either. The court, by Mr. Justice ROSSMAN, cited *Stout v. Van Zante*, supra, as holding that joint tenancies are abolished and that estates by entirety were not recognized in personal property, but also quoted with approval the comment of the court in the Van Zante case, that "The evidence entirely fails to disclose that there was any agreement between the husband and wife that upon his death the plaintiff should become the owner of his interest in the note."

The Edwards case, speaking of the Van Zante case, said:

"* * * The decision did not hold that a contract which undertakes to create an estate by the entireties in personal property would be unlawful. In Erwin v. Felter, 283 Ill. 36 (119 N. E. 926, L. R. A. 1918E, 776), as explained in Illinois Trust & Savings Bank v. Van Vlack, 310 Ill. 185 (141 N. E. 546), the court held that a contract for an estate by joint tenancies in a bank account must be given effect, even though the laws of the state did not recognize such tenancies in personal property because the Illinois statutes did not render such contracts illegal."

Again, the court quoted from Williston on Contracts (Rev. Ed.) § 344: "Survivorship also applies to joint obligees. If one of them die, the entire right vests in the survivors." The decision was in favor of the survivor and amounts to a definite recognition that, though joint tenancy as known to the common law is abolished, the right of survivorship may be established by express words, or, as stated by the court: "The decisions seem to indicate that quasi joint tenancies and quasi estates by the entireties suffice."

In the case of *Nunner v. Erickson*, 151 Or. 575, 51 P. (2d) 839 (1935), a note was executed to Joseph Erickson and Cora Erickson payable in monthly installments of not less than $50 nor more than $200 per month during their lifetime and upon their death the balance due and unpaid to be paid to their heirs. There were no apt words expressly providing for the right of survivorship and so the court, following *Stout v. Van Zante*, refused to recognize joint ownership of personal property and held, in effect, that upon the death of Joseph Erickson his estate became the owner of a one-half interest in the estate and his widow Cora became

the owner of the other half. The decision is not opposed to our conclusions in the case at bar.

The case of *Alexander v. Alexander*, 154 Or. 317, 58 P. (2d) 1265 (1936), again repeats that joint tenancy is abolished in this state, citing in support thereof *In Re Edwards' Estate*, supra. The court also observed that it has been held that there is no tenancy by the entirety in personal property in Oregon. Both observations are dicta and there is nothing in the opinion to indicate any disagreement with the Edwards case or any opinion hostile to the creation of the right of survivorship by express words.

Our conclusion in the case at bar is not in conflict with the earlier decisions of this court. We express no opinion as to whether rights of survivorship in personal property, as distinguished from realty, may be created by express words.

The decree of the circuit court is affirmed without costs to either party.