Burton CARVER, Appellant,

v.

Mark GILBERT, Appellee.

No. 331.

Supreme Court of Alaska.

Dec. 23, 1963.

John M. Savage, of Irvine, Clark & Savage, Anchorage, for appellant.

Joseph P. Josephson, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

AREND, Justice.

This is a declaratory judgment action in which the question sought to be determined is whether an instrument conveying real property to a husband and wife, which does not specify how they are to take, results in the creation of a tenancy in common or a tenancy by the entirety.

The appellant Carver holds a deed to the property in question as grantee of one Fred T. Gilbert. The property had previously been acquired by Gilbert and his wife Patricia through a warranty deed in which they are described simply as "FRED T. GILBERT and PATRICIA GILBERT, husband and wife * * * grantees." The only living issue of their marriage is the appellee, Mark Gilbert. Patricia died intestate at some time prior

to Fred's conveyance of the property to the appellant.[1]

The parties were in agreement below that the facts of the case are as related above and that the only issue was one of law, namely, whether the conveyance of the property to the Gilberts was to them as tenants by the entirety or as tenants in common. The parties further agreed that, if Fred and Patricia owned the property as tenants in common, then their son Mark, the appellee, under the intestate succession laws of Alaska, has a one-fourth interest in the property as tenant in common with the plaintiff. On the other hand, if Fred and Patricia owned the property as tenants by the entirety, then it was agreed that the appellant, as grantee of Fred T. Gilbert, is the sole owner of the property in fee simple.

With this single issue of law thus framed, both parties moved for summary judgment. The trial court ruled that Patricia at the time of her death was a tenant in common with her husband Fred of the property involved for the reason that Alaska statutory law had reversed the common law presumption in favor of tenancies by the entirety. The court thereupon granted the appellee's motion for summary judgment and decreed that the appellee, Mark Gilbert, has a one-fourth interest. This appeal followed.

The parties agree that at common law it was presumed that a conveyance to husband and wife created a tenancy by the entirety even in the absence of language of survivorship or reference to that kind of tenancy.[2] The appellant claims that this presumption can be changed only by statute clearly in derogation of the common law and that such a statutory change has never been enacted in Alaska. The appellee, on the other hand, insists that the presumption has been changed by statute and in that connection points us to section 22–3–8 ACLA 1949 [AS 34.-15.110], which reads:

"Every conveyance or devise of lands or interests therein made to two or more persons, other than to executors and trustees, as such, shall be construed to create a tenancy in common in such estate, unless it be expressly declared in such conveyance or devise that the grantees or devisees shall take the lands as joint tenants."

and to section 22–1–6 ACLA 1949 [AS 34.15.130] set forth in two paragraphs as follows:

"A tenant in common may maintain any proper action or proceeding against his co-tenant, for receiving more than his just proportion of the rents and profits of the estates owned by them in common; and joint tenancy, *excepting interests in personalty and excepting tenancy by the entirety*, is abolished and all persons having an undivided interest in real property, are to be deemed and considered tenants in common. [Emphasis added.]

"The right to hold an estate in lands as tenants by the entirety, with the right to survivorship, is hereby expressly recognized and granted. A homestead to the value of $5000.00 held by the tenants by the entirety, shall not be liable for the debts of either or both of the tenants, except by special agreement. Other estates, except a homestead held by tenants by the entirety, shall be liable for the debts of either or both of the tenants. The right of the husband to convey to himself and wife, as tenants by the entirety, and the right of the wife to convey to herself and

1. In the deed to the appellant, Burton Carver, Fred Gilbert describes himself as "an unmarried person, being the widower of the late PATRICIA GILBERT, deceased, who owned the property herein conveyed as Tenants by the Entirety."

2. Hoag v. Hoag, 213 Mass. 50, 99 N.E. 521 (1912); Hoyt v. Winstanley, 221 Mich. 515, 191 N.W. 213 (1922); Byrd v. Patterson, 229 N.C. 156, 48 S.E.2d 45, 47 (1948); 4 Powell, Real Property, para. 622, at 655–56 (1954).

her husband, as tenants by the entirety, is hereby confirmed and granted."

Section 22-3-8 and the first paragraph of section 22-1-6, as above set forth but absent the italicized words, were adopted for Alaska from the laws of Oregon by the Act of Congress of June 6, 1900.[3] The Oregon forerunner of section 22-3-8 was enacted by the legislature of that state in 1854;[4] while the Oregon forerunner of the first paragraph of section 22-1-6 was not enacted until 1862, likewise without the italicized words shown above.[5]

In 1882 the Supreme Court of Oregon, without any mention of the 1854 and 1862 statutes, ruled that a conveyance of real property to persons designated as husband and wife, without further specification, creates a tenancy by the entirety.[6] It was not until its 1924 decision in Twigger v. Twigger[7] that the Oregon court for the first time considered the effect of the 1854 and 1862 statutes upon estates by the entirety. Said the court:

"In the first of these sections [the 1854 statute] the tenants are referred to as 'two or more persons.' In the next [the 1862 statute], after abolishing joint tenancy, the phrase is 'all persons having an undivided interest in real property.' Neither of these expressions can refer to the common-law unity cast upon husband and wife. At common law they were deemed to be a single person. No legislation in this state has abolished that unity. The right of married women to have separate property and control it independent of their husbands has been distinctly recognized by express legislation, but that singleness characteristic of the relation at common law has never been abolished. It is upon this that the theory of the estates by the entirety is based. Consequently they are not within the purview of the sections just quoted which speak only of a plurality of tenants. It has been held so often in this state that a deed to husband and wife give [sic] rise to an estate by the entirety that it has become a rule of property not to be disturbed, except by express legislation abolishing the estate. * * *[8]

In 1941, the Oregon court went a step farther and attempted to reconcile the two statutes under consideration in these words:

"The abolition by statute of joint tenancies, even in the absence of a saving clause permitting the creation thereof by express words, is to be construed as an abolition of joint tenancy at common law and not as a prohibition of the right of survivorship if created by express words. Such right may exist without all of the incidents of technical joint tenancy.

"* * * The two sections construed together might be read: Joint tenancy is abolished and all persons having an undivided interest in real property are to be deemed and considered tenants in common, except where the right of survivorship is expressly declared. * * *[9]

 If the Twigger and Erickson cases had been decided in Oregon prior to June

3. 31 Stat. 321 (1900).

4. Section 3010 Hill's Annot.Laws (1887), later appearing as § 70.108 OCLA 1940 and now incorporated in ORS 93.180 (1959).

5. Section 2991 Hill's Annot.Laws (1887), later appearing as § 70.205 OCLA 1940 and now incorporated in ORS 93.180 (1959).

6. Noblitt v. Beebe, 23 Or. 4, 35 P. 248 (1882).

7. 110 Or. 520, 223 P. 934 (1924), overruled on other grounds in Emmons v. Sanders, 217 Or. 234, 342 P.2d 125 (1959).

8. 223 P. at 938-939.

9. Erickson v. Erickson, 167 Or. 1, 115 P.2d 172, 177-78 (1941). In the opinion the right of survivorship is spoken of as being "analogous to the 'grand incident' of common law joint tenancy."

6, 1900, there might be some basis for applying the rule which we followed in City of Fairbanks v. Schaible,[10] that a statute adopted from another state which has been construed by that state's highest court is presumed to be adopted with the construction thus placed upon it. It is obvious that the rule cannot be applied under the circumstances of the instant case. Nevertheless, the appellant insists that it can still be applied if we will but indulge in the additional presumption that the Oregon court decided Noblitt v. Beebe with its mind upon the statutes of 1854 and 1862. We are given no reason why we should entertain such a presumption. To us it seems more reasonable to presume that the court would have made some mention in Noblitt v. Beebe of the two statutes if it had been at all concerned about them at that time; or that it would have stated in Twigger or Erickson that it had decided the Noblitt case in the light of existing Oregon statutory law.

Furthermore, we do not accept as good law the assertion in Twigger v. Twigger that the words "two or more persons" and "all persons having an undivided interest in real property," as used in the Oregon and Alaska statutes described above, cannot be applied to situations in which the grantees are husband and wife because of the common law unity of the spouses. In Cramer v. Cramer[11] we ex-

pressed our doubt that the courts which still hold to the common law rule that one spouse may not maintain an action against the other for a tort committed during coverture seriously entertain the old common law fiction that the husband and wife are one person in view of the quite general enactment of "Married Women's Acts." We then listed some of the "Married Women's Acts" enacted for Alaska, which we deemed to have removed many of the common law disabilities of the wife, and concluded that the wife may bring an action against her husband, during coverture or thereafter, for tort to her person caused by his negligence while the parties were married to each other.

That there may be no question about our stand on the issue at hand, we now rule that the statutes of Alaska relating to the property rights of married women[12] have abolished the common law unity of husband and wife, and therefore, a conveyance to husband and wife is a "conveyance to two or more persons" as that language was employed by Congress in the Act of June 6, 1900. We attach significance to the fact that the statutes relating to the property rights of married women in Alaska were included by Congress in the Act of June 6, 1900.[13] They must, therefore, be read together with the provisions of sections 22–3–8 and 22–1–6.[14] The situation which prompted the

---

10. 375 P.2d 201, 207 (Alaska 1962).

11. Opinion No. 135, 379 P.2d 95 (Alaska 1963).

12. Illustrative of the Alaska statutes relating to the property rights of married women are the following as set forth in ACLA 1949:
§ 21–2–1 [AS 25.15.010]. "* * * When property is owned by either husband or wife, the other has no such interest as will make the same liable for the contracts or liabilities of either the husband or wife who is not the owner of the property, except as herein provided."
§ 21–2–2 [AS 25.15.020]. "* * * Should either the husband or wife obtain possession or control of property

belonging to the other, either before or after marriage, the owner of the property may maintain an action therefor, or for any right growing out of the same, in the same manner and to the same extent as if they were unmarried."
§ 21–2–3 [AS 25.15.030]. "* * * A conveyance, transfer, or lien executed by either husband or wife to or in favor of the other shall be valid to the same extent as between other persons."

13. 31 Stat. 321 (1900).

14. Select Base Materials, Inc. v. Board of Equalization, 51 Cal.2d 640, 335 P.2d 672, 675–76 (1959); Yurkovich v. Industrial Acc. Bd., 132 Mont. 77, 314 P.2d 866, 870 (1957); 2 Sutherland, Statutory Con-

writing of the opinion in Noblitt v. Beebe was different. In that case the deed to husband and wife had been made in 1866, while statutes like ours protecting the property rights of married women were not enacted in Oregon until the 1870's.[15]

There is yet another reason which compels us to conclude that the, conveyance to Fred T. Gilbert and Patricia Gilbert, husband and wife, created a tenancy in common and not a tenancy by the entirety. In 1929 the Alaska legislature amended what is now section 22–1–6 ACLA 1949 by adding to the provision abolishing joint tenancy the words "except tenancy by the entirety."[16] At the same time a new paragraph was added to the section to expressly recognize "tenancy by the entirety, with the right to survivorship."[17]

The appellant contends and cites authority to support his contention that joint tenancy and tenancy by the entirety constitute distinct estates and that a statute such as section 22–3–8 ACLA 1949, providing generally that a conveyance to two or more persons shall presumptively create a tenancy in common and not a joint tenancy, has no application to a conveyance to husband and wife, for they take as tenants by the entireties.[18] We, however, favor the view of another line of authorities, some of which have been cited to us by the appellee, holding that tenancy by the entirety is but a species of joint tenancy, their incidents being identical.[19]

That the Alaska legislature in 1929 regarded tenancy by the entirety as a species of joint tenancy seems obvious to us, for it amended section 22–1–6 by specifying that the abolition of joint tenancy, as provided for in the concurrent section 22–3–8, was to be subject to an exception, namely, that recognition of tenancy by the entirety was to continue. In other words, the legislature in 1929 clarified by amendatory legislation its concept that section 22–1–6 abolished joint tenancy in land except for tenancy by the entirety. This being the case, the presumption stated in section 22–3–8, favorable to tenancy in common "unless it be expressly declared" in the conveyance that the grantees shall take as joint tenants, must be taken to apply to tenants by the entirety. So, to

struction § 4705. See also State v. American Can Co., 362 P.2d 291, 296 (Alaska 1961).

15. A list of the Oregon statutes relating to the property rights of married women, showing the respective years in which they were enacted, is given in Smith v. Smith, 205 Or. 286, 287 P.2d 572, 575 (1955). It is interesting to speculate on how the Oregon court regards today its rulings in Twigger v. Twigger and Erickson v. Erickson in the light of the following dictum appearing in the case of Smith v. Smith mentioned above:
"They [the statutes relating to the rights of married women] did eliminate the ancient theory that husband and wife are one and the husband is that one, and they did create separate property rights in married women." [287 P.2d at 577.]

16. SLA 1929, ch. 66. Historically § 22–1–6 ACLA 1949, after its enactment by Congress in the Act of June 6, 1900, appeared first as § 62 of .the Carter and Charlton Codes, then as § 488 CLA 1913,

and later as § 2866 CLA 1933. Similarly, § 22–3–8 ACLA 1949 appeared first as § 81 of the Carter and Charlton Codes, then as § 507 CLA 1913, and in CLA 1933 as § 2817.

17. The first paragraph of § 22–1–6 [§ 2866 CLA 1933] as amended by SLA 1929, ch. 66, was again amended by SLA 1947, ch. 34, to permit personal property to be held in joint tenancy.

18. The appellant cites as his authorities Robinson v. Eagle, 29 Ark. 202 (1874); Kunz v. Kurtz, 8 Del.Ch. 404, 68 A. 450 (1899); Doe ex dem. Ross v. Garrison, 1 Dana (Ky.) 35 (1833); Shaw v. Hearsey, 5 Mass. 521 (1809); Twigger v. Twigger, supra note 7; 43 A.L.R. 1081; 41 C.J.S. Husband and Wife § 31, at p. 443 (1944).

19. First Nat'l Bank v. Lawrence, 212 Ala. 45, 101 So. 663 (1924); Swan v. Walden, 156 Cal. 195, 103 P. 931 (1909); Hoag v. Hoag, 213 Mass. 50, 99 N.E. 521, 523 (1912); Hoyt v. Winstanley, 221 Mich. 515, 191 N.W. 213 (1922).

overcome the presumption that a man and woman named as grantees in a conveyance and described therein as "husband and wife" shall take as tenants in common, the conveyance must declare that they shall take as tenants by the entirety with right of survivorship.

Judgment affirmed.