Argued July 26, reversed and remanded September 8, 1972

# BRIDGMAN, *Respondent, v.* STOUT (No. 27115), *Appellant.*

500 P2d 731

*George D. Leonard,* Portland, argued the cause for appellant. With him on the brief were Willner, Bennett & Leonard, Portland.

*Melvin Goode,* Albany, argued the cause for respondent. On the brief were Raymond D. Matthies and Goode, Goode, Decker & Hinson, Albany.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

## LANGTRY, J.

Defendant Rosario A. Stout in her individual capacity appeals from a judgment declaring that plaintiff Catherine H. Bridgman is the exclusive owner of certain real property located in Yamhill County. The plaintiff and decedent R. L. Stout acquired the property at a time while they were living together, purportedly as husband and wife. The deed by which they took title conveyed to them as "Reynold L. Stout and Catherine H. Stout, husband and wife." In a previous case involving the same parties to this appeal, we held that plaintiff and decedent were not common law husband and wife, *Bridgman v. Stout,* 5 Or App 558, 485 P2d 1101 (1971).

The appealing defendant contends that the deed conveyed only an undivided one-half interest in the real property to plaintiff, and that the other interest belongs to decedent's estate. Plaintiff contends that her uncontradicted testimony that she and decedent orally agreed that the survivor should own the entire property, and that she expended money and work on the property in support of such agreement, is sufficient for affirmance of the trial court's decision.

The plaintiff testified that she and decedent dis-

cussed the conveyance with their accountant when the purchase was made, and were advised that the deed would give her the property under right of survivorship if decedent died. She also testified that she had paid substantial money of her own, and had done extensive work in improving the property since its acquisition.

> "* * * Joint tenancy is abolished [by statute in Oregon (ORS 93.180)] and all persons having an undivided interest in real property are to be deemed and considered tenants in common, except where the right of survivorship is expressly declared * * *." *Erickson v. Erickson,* 167 Or 1, 15, 115 P2d 172 (1941).

■ Where a deed conveys real property to two named people, reciting they are husband and wife, but in fact they are not legally married, they take the property as tenants in common and not by the entirety with rights of survivorship. *Merit v. Losey,* 194 Or 89, 240 P2d 933 (1952); *Emmons et al v. Sanders et al,* 217 Or 234, 342 P2d 125 (1959). In the latter case it was argued that a right of survivorship "* * * can be implied from the circumstance that the grantees purported to take the deed as married persons * * *." The court expressly rejected this argument saying "* * * the prevailing and better view is to the contrary * * *." ORS 41.580(5) provides:

> "In the following cases the agreement is void unless it, or some note or memorandum thereof, expressing the consideration, is in writing and subscribed by the party to be charged * * *; evidence, therefore, of the agreement shall not be received other than the writing * * *:
>
> "* * * * * *
>
> "(5) An agreement for * * * the sale of real property, or of any interest therein."

■ The testimony of plaintiff about the oral agreement she had with decedent leaves unclear what was agreed to. There is nothing therein to indicate that this "agreement" took on the aspects of a contract or a promise by R. L. Stout to leave the property to Mrs. Bridgman in his will. There is also no testimony as to what each would do in return for the creation of the survivorship interest. There is no testimony that Mrs. Bridgman agreed to the purchase or to anything else on the condition that she have survivorship rights in the property. From her testimony it appears that the couple assumed that if they purchased the property as husband and wife they would each have a right of survivorship. They discussed the matter with an accountant who told them that if the deed were made out to them as husband and wife they would have rights of survivorship. There is no indication that the accountant, assuming he had the legal learning to realize the import of their marital status, had any reason to doubt that the couple were legally married. The couple apparently thought they were legally married. Mrs. Bridgman testified "[i]n our eyes of the law we were married * * *." The record does not support the conclusion that the parties bargained for rights of survivorship. It does support the conclusion that they thought that such rights would be one of the legal consequences of their taking the deed to the property as husband and wife.

■ Even if there had been satisfactory evidence that plaintiff and decedent entered into an oral contract, for reasons set out below, it would not be enforceable. In *Hunter v. Allen,* 174 Or 261, 147 P2d 213, 148 P2d 936 (1944), it was held that alleged contracts such as we are dealing with here are within the statute of frauds (ORS 41.580(5) quoted supra) and void unless

performance thereof is sufficient to take them without the statute. The court with reference to such a contract and partial performance thereof said:

"* * * The contract must be established by clear, concise, convincing and satisfactory evidence * * *. [T]he rendition of the services must be wholly referable to the contract and solely predicated thereon * * *." 174 Or at 278.

As the court remarked in that case, "* * * we have given painstaking and sympathetic consideration to the claims of the plaintiff with reference to the alleged agreement * * *," but we simply do not find (1) that it was proved by evidence measuring up to the standard required, or (2) that the performance thereof, if it were proved, was wholly referable to the contract and solely predicated thereon. Therefore, such a contract would be within the statute of frauds, and the rule of *Merit v. Losey,* supra, would apply.

Reversed and remanded with instructions to enter declaratory judgment consistent with this opinion.