Argued May 3, affirmed June 16, 1965

# HOLBROOK *v.* HOLBROOK

403 P. 2d 12

*Robert D. Lytle,* Vale, argued the cause and filed briefs for appellant.

*Max S. Taggart,* Ontario, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

O'CONNELL, J.

Plaintiff seeks a declaratory decree declaring her to be the sole owner of a certain parcel of land. Defendant appeals from a decree for plaintiff.

Plaintiff, Bertha Clyde Holbrook, was the wife of William H. Holbrook. In contemplation of divorce they entered into a property settlement agreement which made provision for the disposition of the land in question which, at the time of the agreement, was owned by William and Bertha. The agreement provided in part that "the parties shall be and become joint tenants with right of survivorship in the property". The agreement contained the following paragraphs:

> "It is further agreed that the said joint tenancy shall be accomplished by the parties executing a

deed to their entire present estates in said property to Eleanor L. Anderson with instructions that she convey the same to the parties herein as joint tenants and not as tenants in common or as tenants by the entirety, but with right of survivorship between them, which right of survivorship shall continue without regard to whether or not a divorce shall be granted to one or the other of the parties.

"It is further understood and agreed that during the lifetime of the husband, he shall be entitled to have and receive all rents, issues and profits of the property above described in this paragraph with the duty to maintain the same and to pay all lawful taxes, liens and other charges and assessments on the same which shall accrue during his lifetime.

"At anytime during his lifetime the husband shall have the right to make a bonafide sale of the property at a reasonable price to any third person or party, and in event of such sale the wife shall join with him in such conveyance and shall be entitled to receive as her own property, one-half of the net principal and interest, if any, to be received from such sale."

On October 22, 1958, William and Bertha executed a quitclaim deed to Eleanor L. Anderson and two months thereafter, William and Bertha were divorced. The following January, Eleanor L. Anderson quitclaimed to William and Bertha, describing them "as joint tenants with right of survivorship and not as tenants in common." Subsequently, on January 8, 1963, William conveyed to his nephew James W. Holbrook, an undivided one-half interest in the land in question. William died on November 3, 1963.

It is defendant's position that the deed from Eleanor Anderson to William H. Holbrook and Bertha Clyde Holbrook created a common law joint tenancy which was subject to severance. It is contended that

the deed from William Holbrook to defendant, James W. Holbrook, effected a severance as a consequence of which James Holbrook and Bertha Holbrook held as tenants in common.

■■ If, as defendant contends, the estate held by William and Bertha was a common law joint tenancy, then, of course, William's conveyance to James would convert the joint estate into a tenancy in common. But we have held that ORS 93.180 abolishes the common law joint tenancy in this state. *Halleck v. Halleck et al,* 216 Or 23, 337 P2d 330 (1959). In the *Halleck* case we recognized that a right of survivorship can be created in co-grantees but that unlike the concurrent interest of joint tenants, the interest created by a conveyance to co-grantees with a right of survivorship could not be destroyed by severance.

■ We see no essential difference between the language in the deed from Eleanor Anderson to William and Bertha Holbrook and the language in the deed construed in the *Halleck* case. Since we regard the *Halleck* case as controlling, it follows that William and Bertha were not vested with a joint tenancy as the same was known at common law and that there was, therefore, no power of severance in either of them.

As in *Halleck* (216 Or at 40) we read the language, "as joint tenants with right of survivorship and not as tenants in common," as creating concurrent estates for life with contingent remainders in the life tenants, the remainder to vest in the survivor. The effect of that language in a conveyance creates the equivalent of a common law joint tenancy except for the power of severance.

■ It is argued that the bulk revision of the Oregon Statutes in 1953 had the effect of removing from the statutes the prohibition against the creation of a

common law joint tenancy. In the 1953 revision the statutes relating to the creation of joint tenancies were brought together into one section, but the revised section retained the language "joint tenancy is abolished."[1] It is apparent that this revision was in form only and was not intended to change the substantive statute law. This was our assumption in deciding the *Halleck* case.

There seems to be no reason for forbidding the creation of the common law form of joint tenancy. However, the legislature has seen fit to abolish it and we have found no way to read out of the statute (ORS 93.180) the express declaration that "joint tenancy is abolished." It would appear that there is need for legislation on the subject.

The decree of the trial court is affirmed.

---

[1] The sections combined were OCLA 70–108 and 70–205.