MARY A. HARDWICK, Executrix of the Estate of
CLIFFORD E. HARDWICK, Deceased *v.*
DEPARTMENT OF REVENUE

David A. Kekel, Duffy, Stout, Georgeson & Dahl,
Portland, submitted briefs on behalf of the plaintiff.

Ted E. Barbera, Assistant Attorney General, Salem, submitted briefs on behalf of defendant.

Decision for defendant rendered July 10, 1974.

Carlisle B. Roberts, Judge.

The plaintiff has appealed from the defendant's
Order No. IH 73-6 (dated July 31, 1973), which was
followed by an assessment of inheritance tax (No.
191656). The question of law presented is: Did the
severance of the joint tenancy with right of survivor-

ship in certain mutual fund shares, which occurred just prior to the decedent's death, result at that time in a gift to the decedent's wife which is subject to Oregon inheritance tax, pursuant to ORS 118.010 (3)?

The facts are not in dispute. During the decedent's lifetime and in each of the years from 1949 through 1970, the decedent purchased mutual fund shares which, at the time of acquisition, were registered in the names of the decedent and his wife as joint tenants with right of survivorship. The decedent furnished the entire consideration for the purchases. No gift tax returns were filed or gift taxes paid at the time of the purchases. Just prior to his death on July 24, 1971, the decedent and his wife reregistered the stock, approximately one-half in the sole name of the decedent and approximately one-half in the sole name of the decedent's wife. After the death of the decedent, the wife, who had been appointed personal representative of the estate, filed Oregon gift tax returns, designating her property rights in the shares as gifts at the time the shares were first issued, and tendered payment of the tax, penalty and interest to the Department of Revenue. Federal gift tax returns were also filed and federal gift tax, penalty and interest were paid.

The Department of Revenue asserted additional inheritance tax on the value of the mutual funds which had been reregistered in the wife's name just before her husband's death, on the theory that the reregistration constituted a transfer in contemplation of death and was subject to inheritance tax. ORS 118.010 (3).

The plaintiff takes the position that the gift occurred upon creation of the joint tenancy, and that

the subsequent termination of the joint tenancy and division of the stock into separate ownership was supported by valuable and adequate consideration and was, therefore, not subject to inheritance tax as a gift in contemplation of death.

The defendant, in a written brief, has advised the court that this is a case of first impression in Oregon.

■ The first question which presents itself is: Was a gift made by the husband to the wife at the time of the registration of the shares in the names of husband and wife with a right of survivorship, all the consideration required by the transaction being supplied by the husband?[①]

ORS ch 119 imposes a gift tax. ORS 119.010 reads, in pertinent part:

"(1) Each calendar year a tax shall be imposed upon the transfer during such calendar year by any individual resident or nonresident of property by gift.

"(2) The tax applies to the transfer by gift of all property within the jurisdiction of the state, whether real or personal, tangible or intangible, and whether owned by inhabitants of this state or not and whether the gift is direct or indirect in trust or otherwise."

The tax applies to the transfer of property without consideration. Under the accepted facts and the

---

[①] In Oregon, such a gift creates concurrent joint estates with right of survivorship which can be destroyed only by mutual action by the parties. *Holbrook v. Holbrook,* 240 Or 567, 403 P2d 12 (1965); *Halleck v. Halleck et al,* 216 Or 23, 337 P2d 330 (1959). A question may be raised as to the time of the gift. See *Beach v. Holland,* 172 Or 396, 402, 142 P2d 990 (1943). Prior to the enactment of ORS 118.010 (3), it was found to be a gift *inter vivos,* within facts set out in *Manning v. U.S. Nat. Bank,* 174 Or 118, 148 P2d 255 (1944).

segments of the applicable statute, above quoted, it would appear prima facie that the husband made gifts to the wife of property at the time the mutual funds were evidenced by the issuance of certificates in the names of the husband and wife as joint tenants with the right of survivorship. *Manning v. U.S. Nat. Bank,* n 1, *supra.* However, on May 6, 1965, the former administrator of the gift tax law adopted a rule [now designated IG 163 in Department of Revenue Abstracts of Legal Opinions, 119.010 (4)/p. 1], stating:

> "* * * It has been the practice of the Inheritance and Gift Tax Division to treat the creation of jointly held property with rights of survivorship as not effecting a taxable transfer *unless the intent of the individual furnishing the consideration to make a gift is made certain through the filing of a gift tax return.* Since, in the instant case, no gift tax return was filed upon creation of the joint interests, the wife cannot claim an interest in one-half of the property for purposes of claiming an exemption on the present gift." (Emphasis supplied.)

The court must take notice of the administrative interpretation of a tax statute by a state agency. In *Keyes v. Chambers et al,* 209 Or 640, 307 P2d 498 (1957), the Supreme Court said, at 661:

> "* * * Although such rules promulgated by the Tax Commission or other state administrative agency are not controlling, their contemporaneous construction of an act is, nevertheless, highly persuasive, especially where such rules have been in effect for a long term of time as a basis for determining technical and involved matters such as here presented." (Citations omitted.)

If ORS ch 118, the inheritance tax statute, is read in pari materia with the gift tax statute, ORS ch 119 (as

it must be[2]), a basis for the administrative interpretation can be found in ORS 118.010 (2) and (3), which appear to have been written in contemplation of a factual situation such as is found in this suit. The pertinent part of subsection (2) (a) reads:

"Whenever property, other than real property held by the entirety, is held in the joint names of two or more persons, * * * and payable to either or the survivor, upon the death of one of such persons the right of the surviving joint tenant * * * shall be deemed a taxable transfer in the same manner as though the whole property to which such transfer relates belonged absolutely to the deceased joint tenant * * * and had been * * * bequeathed to the surviving joint tenant * * * and if the property has been acquired from decedent for less than such fair consideration, there shall be excepted from the value of the property a portion equal to the amount of the consideration so furnished."

Subsection (3) reads, in part:

"Any transfer of property made by a decedent by * * * gift, within three years prior to the decedent's death without a valuable and adequate consideration therefor, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of ORS 118.005 to 118.840; but no such transfer made *before such three-year period* shall be treated as having been made in contemplation of death if:

"(a) * * *

"(b) *All gift taxes payable under ORS chapter 119 on such transfer were paid when due.*" (Emphasis supplied.)

---

[2] A gift tax statute and an inheritance tax statute complement each other and are to be considered in conjunction with each other. 42 Am Jur2d, *Inheritance, etc., Taxes* §420 (1969). Note that ORS 118.010 has a cross-reference to ORS ch 119 and ORS 119.010 (4) refers to ORS ch 118. See Annot, 141 ALR 473 (1942); Annot, 133 ALR 1016 (1941).

ORS 118.010 (3) (b) was inserted in the statute by Or Laws 1959, ch 418, § 1.

A first reading of ORS 119.010 (2) appears to require the donor, acting within the facts of this case, to file a gift tax return and to pay a gift tax (subject to the annual exclusions set out in ORS 119.031, as limited by ORS 119.051) at the time the mutual fund shares are registered. *Bechtel v. State Tax Com.,* 228 Or 123, 363 P2d 1102 (1961). (This decision precedes defendant's rule IG 163, *supra,* and the application of ORS 118.010 (3)(b).) But the donor chose not to report the gift or to pay the gift tax. Although such failure ordinarily increases the period of time in which the administrator may assess the tax (ORS 119.220 (2)) and penalties are provided (ORS 119.990), the donor could point out, in his defense to any charge of negligence, that ORS 119.010 (4) provides that the gift tax shall not apply to any transfer of property which is subject to an inheritance tax imposed by ORS 118.010 and that a person intending from the first that a gift become complete only at the time of his death has an election (manifested by refusing to pay a gift tax), which election is derived from a reading in pari materia of ORS 119.010 (4) and ORS 118.010 (3) and (3) (b). (As noted above, subsection (3) particularly refers to transfers by gift made before the three-year period prior to death, which are to be treated as transfers made in contemplation of death if gift taxes, payable under ORS ch 119 on a transfer, were not paid when due.) The defendant's rule, IG 163, *supra,* is supported by ORS 119.010 (4) and ORS 118.010 (3) and (3) (b).

Plaintiff is in no position to argue that such gift taxes were not payable under ORS ch 119 at the time

of the transfers through the registration of mutual fund shares in the names of the husband and wife with right of survival. In Plaintiff's Opening Brief, at 3, the plaintiff states:

"* * * After the death of the decedent, the wife, who had been appointed personal representative of the estate, and believing that the acquisition of the stock in their joint names constituted a gift to her of a one-half interest, filed Oregon gift tax returns and tendered payment of the tax, penalty and interest to the Department of Revenue. Federal gift tax returns were also filed and federal gift tax, penalty and interest were paid. * * *"

It appears to the court that the donor intended to exercise his election to make his gift of mutual funds at the time of his death, subject to the inheritance tax, as shown by his failure to file gift tax returns and to pay the tax. Subsequently, he appears to have changed his mind just prior to his death, and he and his wife joined in an attempt to sever the joint tenancy by a reregistration of the stock so that each spouse would separately own approximately one-half of the value thereof.

This is exactly the situation contemplated by ORS 118.010 (3) (transfers in contemplation of death). The statute is designed to defeat ingenious plans for the avoidance of taxation. If the husband had elected to make gifts of the shares at the time of the first issue and to pay gift taxes on them, the state could not disavow the election. The attempt to change the rights in the property just prior to the donor's death is a nullity for inheritance purposes. The legislature has designed the gift tax provisions to prevent or compensate the avoidance of the inheritance tax. If the donor does not avail himself of the gift tax, the inheritance tax is

imposed. Any attempt to come within the gift tax statute within three years prior to decedent's death is a nullity.

The husband in the present instance is held by the provisions of ORS 118.010 (3), especially (3)(b), and ORS 119.010 (4) to have intended a gift to pass at his death, subject to the tax under ORS ch 118. His attempt to change this election just before his death is struck down by the legislative prohibition against gifts in contemplation of death.

The argument that the transfer of values from the spouses to each other in July 1971 was made for an adequate consideration is defeated by the legislative intent that, for tax purposes, the husband, having elected not to deliver the property rights manifested by the certificates of mutual funds to his wife during their mutual lives, the wife had no value to restore to him during the three-year period prior to his death. *Sullivan's Estate v. Commissioner,* 175 F2d 657 (9th Cir 1949), 49-2 USTC ¶ 10,727, 38 AFTR 101, relied on by plaintiff, is distinguishable from the present case because the federal "contemplation of death" statute applicable therein does not contain the language of the last part of ORS 118.010 (3), (3)(a) and (3) (b), on which the decision in this case hinges.

Although the legal arguments made by plaintiff generally are logical and persuasive, they appear to the court not to overcome the intent of the Legislative Assembly, often amended over the years (on the basis of experience) to protect the revenue.

The defendant's Order No. IH 73-6 is affirmed and the notice of determination and assessment of inheritance tax No. 191656 must be paid, as contemplated by law.