Argued February 7, reversed May 15, 1975

# HARDWICK, *Appellant, v.* DEPARTMENT OF REVENUE, *Respondent.*

535 P2d 89

*David A. Kekel* of Duffy, Stout, Georgeson & Dahl, Portland, argued the cause and filed briefs for appellant.

*Ted E. Barbera,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Theodore W. deLooze, Chief Tax Counsel, Salem.

O'CONNELL, C. J.

This is a taxpayer's appeal from a decree of the Oregon Tax Court,[①] affirming an order by defendant Department of Revenue which assessed a deficiency in the payment of an inheritance tax payable by plaintiff. The question raised is the applicability of the Oregon inheritance tax statutes where there is a severance of a joint tenancy prior to the death of the joint tenant who furnished the original consideration for the property.

The facts are not disputed. Plaintiff is the widow of Clifford E. Hardwick, who died on July 24, 1971. From the year 1949 through 1970 decedent purchased shares of stock in various mutual funds. The shares were registered in the names of decedent and plaintiff as joint tenants with the right of survivorship. Decedent furnished the entire consideration for the purchases. No gift taxes were paid or gift tax returns filed at the time of the purchases. Just prior to his death, decedent and plaintiff re-registered the stock, approximately one-half in the sole name of each. After decedent's death plaintiff, as personal representative of the estate, filed Oregon gift tax returns on behalf of the decedent reporting that gifts had been made to plaintiff at the time the shares were purchased by decedent. Plaintiff tendered payment of the gift tax together with penalty and interest to defendant. Federal gift tax returns and payments have also been made.

---

① Hardwick, Exec. v. Dept. of Rev., 5 OTR 582 (1974).

The purpose of the re-registration was to avoid taxation of the entire value of the mutual funds mandated by ORS 118.010(2)(a)[2] which provides that the survivorship of a surviving joint tenant is deemed a taxable transfer of the entire value of the jointly held property, less the portion of its value attributable to the consideration furnished by the survivor. Plaintiff contends that the statute is inapplicable to the shares re-registered in her name because after severance they were not held jointly at the death of decedent and she, therefore, did not take by survivorship.

Defendant, Department of Revenue, held that the transfer of interests purported to be made by the re-registration was ineffective since it constituted a transfer of property made in contemplation of death without adequate consideration. Plaintiff appealed from defendant's order[3] to the Tax Court, which affirmed.

The effect of a transfer of property out of joint ownership in contemplation of death is one of first impression in Oregon. However, it has been re-

[2] ORS 118.010(2)(a): "Whenever property, other than real property held by the entirety, is held in the joint names of two or more persons, or deposited in banks or other institutions or depositories in the joint names of two or more persons and payable to either or the survivor, upon the death of one of such persons the right of the surviving joint tenant or tenants, person or persons to the immediate ownership or possession and enjoyment of such property shall be deemed a taxable transfer in the same manner as though the whole property to which such transfer relates belonged absolutely to the deceased joint tenant or depositor and had been devised or bequeathed to the surviving joint tenant or tenants, person or persons, excepting therefrom such parts thereof as may be shown to have originally belonged to such surviving joint tenant or person, and never to have been acquired from the decedent for less than a fair consideration in money or money's worth, and if the property has been acquired from decedent for less than such fair consideration, there shall be excepted from the value of the property a portion equal to the amount of the consideration so furnished."

[3] Department of Revenue, Opinion and Order No. 1-H73-6.

solved in favor of the taxpayer by the federal courts in construing substantially identical federal legislation.[4] The position of the federal courts has been that the creation of the joint tenancy by one joint tenant involves a transfer of valuable rights to the non-contributing tenant, which transfer constitutes a taxable incident under the gift tax. Subsequent division and transfer of the property from joint ownership to the separate ownership similarly involves an exchange of valuable rights. Therefore, to the extent that the surviving former joint tenant relinquished rights in the property passing to the co-owner of a value at least equal to the value of the additional rights received in the property in which the sole ownership was received, the exchange is for valuable consideration and not subject to the statutory provisions invalidating, for tax purposes, transfers in contemplation of death.[5]

■ The interpretation of federal tax provisions is ordinarily persuasive of the proper interpretation of Oregon provisions copied from them.[6] This is so because it can be assumed with some assurance that ordinarily the legislature, in borrowing federal provisions, intends economic transactions to have similar tax consequences under both federal and state law. Defendant argues that the federal result should be rejected in this instance because it does not accord with the over-all legislative scheme embodied in the Oregon inheritance and gift tax enactments.

The "scheme" which defendant seeks to effect is to allow a contributing joint tenant to elect whether to subject himself to gift taxation by filing gift tax

---

[4] I.R.C. § 2040. Sullivan's Estate v. Commissioner, 175 F2d 657 (9th Cir 1949); 1969—2 Cum. Bull. XXIII and XXIV.

[5] Sullivan's Estate v. Commissioner, *supra* 175 F2d at 659.

[6] Pac. Supply Coop. v. State Tax Com., 224 Or 556, 356 P2d 939 (1960).

returns at the time of creation of the joint tenancy, or to subject his survivor to inheritance tax upon his death through operation of ORS 118.010(2)(a) by failing to file such a return. This approach, defendant argues, is justified on the ground that as a matter of economic reality a non-contributing joint tenant has no beneficial interest in jointly held property until death of the contributing tenant.

The problem with defendant's approach is that it has no statutory basis and rests upon an inaccurate view of the rights of joint tenants. Under Oregon property law, "joint tenants" each have concurrent life estates with indestructible contingent remainders.[*] The beneficial interest of a joint tenant who furnishes nothing for the purchase of the property is precisely the same as that of his co-owner who furnishes all of the consideration for the purchase of jointly held property. Each have valuable present rights of ownership. Defendant's argument that this theory of property ownership does not comport with economic reality ignores the fact that a joint tenant, whether he provides the consideration or not has a measurable economic interest in the jointly held property. This reality is not changed by the legislative declaration in ORS 118.010(2)(a) that the event of surviving is an appropriate time for the collection of an inheritance tax assessed on the portion of the total value of the property not attributable to the survivor's contribution.

Defendant's position that nothing passes until the death of the joint tenant who furnishes the consideration for the purchase of the jointly held property is not consistent with its position that the original transfer to the joint tenant creates a taxable transfer under the gift tax if the taxpayer elects to so treat it at the time of making the gift. There is no support

[*] Holbrook v. Holbrook, 240 Or 567, 403 P2d 12 (1965).

for defendant's position that a gift is deemed to have been intended only if the contributing joint tenant makes a declaration to that effect at the time of the transfer.[8]

■ The creation of the joint tenancy without adequate consideration constitutes a gift regardless of the subjective intent of the creator.[9] The donor has transferred an economic interest in his estate to that of the donee by creating valuable present rights in the donee.[10] Nothing in ORS 119.010(4) purports to allow the donor to relieve himself from gift tax liability on neglecting to file a return for this or any other species of gift.

■ Defendant argues that ORS 118.010(3)(b), governing transfers in contemplation of death, gives support to its "election" argument. ORS 118.010(3) provides:

"Any transfer of property made by a decedent by deed, grant, bargain, sale or gift, within three years prior to the decedent's death without a valuable and adequate consideration therefor, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of ORS 118.005 to 118.840; but no such transfer made before such three-year period shall be treated as having been made in contemplation of death if:

"(a) No gift taxes were payable under ORS chapter 119 on such transfer; or

"(b) All gift taxes payable under ORS chapter 119 on such transfer were paid when due."

Defendant interprets these provisions to require gifts

[8] *See* 21 Op Atty Gen 453 (1944); *but see* Department of Revenue Abstracts of Legal Opinions, 119.010(4), p. 1, IG 163 (1965).

[9] ORS 119.010(4).

[10] See Bischel, *Joint Interests Between Spouses in Oregon—Gift and Death Tax Considerations*, 5 Will L J 229 (1969).

made more than three years before the death of the donor to be treated as "in contemplation of death" unless all gift taxes thereon were paid when due. The statute, however, clearly is patterned upon a federal statute,[11] which creates a rebuttable presumption that gifts made within three years of death are in contemplation of death, but provide that no gift made more than three years before death may be deemed in contemplation of death. Oregon's statute differs from its federal model only in that the prohibition of contemplation of death treatment of gifts made more than three years prior to death is applicable only if appropriate gift taxes were paid when due.[12] Thus, rather than requiring gifts upon which taxes were not paid to be considered in contemplation of death, the statute merely makes it permissible to show that such gifts were in contemplation of death.[13] There was no attempt to show that the series of gifts in the present case were made in contemplation of death. Therefore, ORS 118.010 is inapplicable.

Perhaps the most persuasive indication that the legislature did not intend to create an election between gift and inheritance tax treatment of the creation of joint interests is the fact that federal law upon which Oregon tax law is based explicitly provides exactly the type of election proposed by defendant but limits it to *tenancy by the entirety* in real property.[14] If the legis-

---

[11] I.R.C. § 2035(a).

[12] See Bischell, *supra* note 10, at p. 249.

[13] The last sentence of ORS 118.010(3) was added by amendment in 1959 (Or Laws 1959, ch 418, § 1) in order to limit the retrospective reach of the contemplation of death rule. There was no consideration of the problem at hand. *See,* Legislative Interim Tax Study Committee, Advance Report (Oct. 15, 1958): "And lastly, the committee recommends an absolute three-year cut-off in the statute relating to gifts made in contemplation of death so that no transfer made more than three years before the death of a decedent shall be considered to have been made in contemplation of death."

[14] I.R.C. § 2515.

lature desires to establish the election argued for by defendant, which would be even more extensive than that available under current federal law, it is reasonable to expect that it would do so explicitly rather than leave the matter to inference.

■ We find, therefore, that the analysis of the similar federal statutes should be applied to the Oregon statutory provisions. Defendant argues that this view embodies an unrealistic emphasis of property concepts over tax concepts. We are willing to de-emphasize the technicalities of property law in favor of a more workable tax system in appropriate cases, but defendant is asking us in the present case to discard well established methods of transferring and holding property which serve legitimate purposes and therefore should not be frustrated simply to serve the state's desire to create a more efficient tax collecting system. The balance between the fiscal interests of the government and the interest of the public in maintaining certainty of the incidents of established modes of holding property should be struck by the legislature. We hold that the shares in plaintiff's name at the time of decedent's death are not subject to inheritance tax.[8]

The decision of the Tax Court is reversed.

---

[8] We express no view as to the accuracy of the computation of the gift tax owing at the time of creation of the joint interest or upon the question of whether plaintiff may be liable for additional gift tax due to the inequality of the value of the interests exchanged in the severance of the joint ownership.