Argued February 10, affirmed June 21, 1977

STUART, *Appellant/Cross-Respondent,*

*v.*

DEPARTMENT OF REVENUE,

*Respondent/Cross-Appellant.*

(No. 944, SC 24563)

565 P2d 733

Lee A. Hansen, of Brown, Hansen & Steenson, P.C., Portland, argued the cause and filed briefs for appellant/cross-respondent.

G. F. Bartz, Assistant Attorney General, Salem, argued the cause for respondent/cross-appellant. With him on the brief was Lee Johnson, Attorney General, Salem.

Before Denecke, Chief Justice, and Holman, Howell and Bradshaw, Justices.

DENECKE, C. J.

## DENECKE, C. J.

The issue is whether a transfer of a farm was a gift made in contemplation of death and, therefore, at the death of the transferror the property became subject to the Oregon inheritance tax.

The Department of Revenue and the Oregon Tax Court held the transfer was a gift in contemplation of death and subject to Oregon inheritance taxes. 6 OTR Adv Sh 389 (1976). The plaintiff personal representative appeals.

ORS 118.010(1) provides: "All property * * * which passes * * * by deed * * * or gift * * * made in contemplation of the death of the grantor * * * is subject to tax at the rate specified in ORS 118.100 [inheritance tax]."

ORS 118.010(3) provides:

"Any transfer of property made by a decedent by deed, grant, bargain, sale or gift, within three years prior to the decedent's death without a valuable and adequate consideration therefor, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of ORS 118.005 to 118.840; but no such transfer made before such three-year period shall be treated as having been made in contemplation of death if:

"* * * * *

"(b) All gift taxes payable under ORS chapter 119 on such transfer were paid when due."

The transferror died more than three years after he made the transfer. No gift taxes were paid on the transfer.

The parties agree that the questions are: (1) was the transfer made "without a valuable and adequate consideration," and, if so, (2) was it made in contemplation of death?

The decedent, Chester Blum, owned a farm in excess of 800 acres on the North Santiam River near Mehama, east of Salem. He was a widower and had

three children. His daughter Lois Stuart was particularly close. In 1955 Chester gave Lois and her husband five acres of the farm and they built a home. Lois's husband, Richard, gratuitously helped Chester with the farm chores. In 1963 Chester and the Stuarts entered into a partnership, as evidenced by a writing, to farm the land. The partnership did not carry on any intensive farming and the land was largely devoted to pasturing livestock.

In 1966 Chester was 78 years old but in excellent health and active on the farm. Nevertheless, at that time he offered to sell the farm to the Stuarts. They all consulted Chester's attorney and agreed on a price of $70,000. The contract of sale contained no provision for a down payment. Yearly instalments were to be $2,000 or 25 per cent of the net yearly income of the farm, whichever was less. Interest was to be 4½ per cent, but not payable until Chester's death.

At the same time he contracted to sell the farm, Chester revised a simple will because his wife had died since its original execution.

After the purchase the Stuarts took possession, but Chester remained in his house on the farm. The Stuarts paid the taxes and insurance and purchased and maintained the equipment. Because of increased taxes and other expenses, no instalments ever became due or were paid during Chester's lifetime. Chester died in 1972, six years after the transfer.

■ The Tax Court held the transfer was made "without a valuable and adequate consideration." We concur in that finding.

■ The parties assume that "valuable and adequate consideration" means consideration approximating market value. Under the facts in this case we are of the opinion that is a correct assumption.[1] Chester's

---

[1] See Lowndes, Federal Estate and Gift Taxes (3d ed) § 14.4, p 355, for instances in which this assumption may not be correct.

attorney suggested the purchase price of $70,000 which was based upon the assessed value of the property. The attorney testified he believed the assessed value was the equivalent of market value.

The Department of Revenue's appraiser did not make an appraisal until 1975. At that time he appraised its value in 1966 as $196,000 and in 1972, the date of death, as $475,000. The appraiser used both the cost and market value approach, relying primarily on the market value approach. The appraiser was of the opinion that the highest and best possible use was a ranch and timber operation with "tract development possibilities." The timber section of the Department estimated the timber on the tract had a value of $42,000 in 1966. The Stuarts subsequently sold some timber for $40,000. The improvements, including a residence of 1,500 square feet, were valued at $16,000.

The plaintiff has pointed out weaknesses in the Department's appraisal, but we are of the opinion, as was the Tax Court, that the private appraisal is more credible evidence than the appraisal of the tax assessor. The tax assessment is the only evidence in support of the plaintiff's position. We find the transfer was without "valuable and adequate consideration."

The Tax Court also held Chester's transfer was in contemplation of death.

No decisions of this court have definitely stated when a transfer is in contemplation of death. In *Hardwick v. Dept. of Revenue,* 272 Or 100, 104, 535 P2d 89 (1975), we stated the usual rule that because the Oregon contemplation-of-death provisions were, in large part, taken from the federal statutes, interpretations of the federal law will be persuasive. The Department of Revenue adopted Administrative Rule 150-118.010(3) which incorporates principles expressed in federal regulations and court decisions. That rule provides, in part:

"The term 'contemplation of death' does not mean general expectation of eventual death. On the other

[ 627 ]

hand, its meaning is not restricted to an apprehension that death is imminent or near. A transfer in contemplation of death is a disposition of property prompted by the thought of death if (1) made with the purpose of avoiding death taxes, (2) made as a substitute for a testamentary disposition of the property, or (3) made for any other motive associated with death. A transfer may be prompted by the thought of death if made at the time of execution of the will. The bodily and mental condition of the decedent and all other attendant facts and circumstances are to be scrutinized in order to determine whether or not such thought prompted the disposition. * * *."

The contemplation-of-death test necessitates an examination of the subjective state of mind of the transferror. Lowndes, supra, § 5.4, p 72. This makes the application of the test difficult and the evidence in this case makes this a particularly difficult case to decide.

The opinion in *Estate of Oliver Johnson,* 10 TC 680, 688 (1948), considered extensively by the Tax Court, contains a good statement of the objective facts that should be considered in determining the subjective intent of the transferror.

■ For the reasons stated in the Tax Court opinion, we also find that the evidence preponderates in favor of a finding that the transfer was made in contemplation of death.

Affirmed.