Argued and submitted December 8, 2006, affirmed May 23, 2007

Gary STEVENS,
*Plaintiff-Appellant,*

*v.*

Marion THEURER
and Melissa Theurer,
*Defendants-Respondents.*

Benton County Circuit Court
0510101; A131334

159 P3d 1224

George B. Heilig argued the cause and filed the brief for appellant.

Derek D. Simmons argued the cause for the respondents. With him on the brief was Watkinson Laird Rubenstein Baldwin & Burgess, P.C.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Deits, Judge pro tempore.

LANDAU, P. J.

## LANDAU, P. J.

Plaintiff initiated this action for the partition and sale of property pursuant to ORS 105.205. Defendants opposed the partition and sale on the ground that such relief is available only to tenants in common of a single parcel of property. Defendants moved for summary judgment, arguing that the undisputed facts demonstrate that the parties are not tenants in common. Plaintiff moved for summary judgment on the ground that, even if not tenants in common within the meaning of the relevant statutes, the parties should be considered tenants in common for the purposes of this case and permitted to partition and sell the property. The trial court granted defendants' motion, denied plaintiff's motion, and entered judgment accordingly. Plaintiff appeals, and we affirm.

The relevant facts are not in dispute. Lora Howard owned a 29-acre parcel of undeveloped real property in Benton County. On December 30, 1982, Howard conveyed, by warranty deed, approximately seven acres of the 29-acre parcel to her daughter and son-in-law, Diane and Larry Bell. The parties refer to that parcel as "lot 106." On March 15, 1983, Howard conveyed, by bargain and sale deed, the balance of the 29-acre parcel to two of her grandchildren, plaintiff and his sister, reserving to herself a life estate. The parties refer to that parcel as "lot 107." Howard did not obtain Benton County approval to partition the 29-acre parcel in that manner. She died in 1991.

In 1997, the Bells conveyed, by warranty deed, the seven-acre parcel known as lot 106 to defendants, their daughter and her husband. The deed to the parcel describes, by metes and bounds, the seven-acre parcel; it does not include any of the parcel known as lot 107.

The property is zoned for resource use. The minimum lot size for such zoning is larger than either lot 106 or lot 107. As a result, the parties cannot build on their lots or sell them.

Plaintiff initiated this action to partition the property. Plaintiff alleged that "the parties, for all practical purposes, own the properties as tenants in common," and, on

that basis, prayed for an order of the court requiring the partition and sale of both properties. Defendants answered, denying that the parties are tenants in common and opposing the partition and sale of the properties. As we have noted, the parties both moved for summary judgment. Defendants argued that, because the parties are not tenants in common, there is no statutory authority for the requested partition and sale. Plaintiff argued that, even if the parties are not, strictly speaking, tenants in common, the court nevertheless should exercise equitable authority and consider them as such, "by operation of law." The trial court granted defendants' motion and denied plaintiff's motion.

On appeal, plaintiff assigns error to the trial court's decision to grant defendants' motion for summary judgment and to deny plaintiff's motion. In support of the assignment, plaintiff renews his argument that we should regard the parties as tenants in common. Plaintiff acknowledges that the parties do not meet the statutory definition of "tenants in common," but he insists that we nevertheless should treat the parties as such by operation of law, for essentially two reasons. We address each argument in turn.

Plaintiff first argues that, by process of elimination, the parties must be tenants in common. Plaintiff begins with the premise that lots 106 and 107 comprise "one legal lot with two owners." He then asserts that there are three—and only three—possible tenancies that could describe the relationships of the parties: tenants by the entirety, joint tenants, and tenants in common. Because it is obvious that the parties are neither tenants by the entirety nor joint tenants, it necessarily follows, plaintiff concludes, that they are tenants in common.

■    We are not persuaded. Partition by judicial action is governed by ORS 105.205 to 105.405. ORS 105.205 defines the persons eligible to maintain an action for partition as follows:

> "When several persons hold real property as tenants in common, in which one or more of them have an estate of inheritance, or for life or years, or when several persons hold as tenants in common a vested remainder or reversion in any real property, any one or more of them may maintain

a suit for the partition of the real property according to the respective rights of the persons interested therein, and for a sale of all or a part of the property if it appears that a partition cannot be had without great prejudice to the owner."

Thus, only a tenant in common can institute a partition action. *Schwab v. Schwab*, 86 Or App 461, 464, 739 P2d 1065, *rev den*, 304 Or 150 (1987) ("If plaintiff is not a tenant in common, [plaintiff] is not entitled to partition."). "Tenancy in common," in turn, is defined by statute:

"Every conveyance or devise of lands, or interest therein, made to two or more persons, other than to a husband and wife, as such, or to executors or trustees, as such, creates a tenancy in common unless it is in some manner clearly and expressly declared in the conveyance or devise that the grantees or devisees take the lands with right of survivorship. Such a declaration of a right to survivorship shall create a tenancy in common in the life estate with cross-contingent remainders in the fee simple. Joint tenancy is abolished and the use in a conveyance or devise of the words 'joint tenants' or similar words without any other indication of an intent to create a right of survivorship shall create a tenancy in common."

ORS 93.180.

■ In this case, it is undisputed that there was no single "conveyance or devise" to "two or more persons." Instead, there were two separate conveyances, in two different years, of separate and mutually exclusive portions of the original 29-acre parcel. The parties, in other words, are not "tenants in common" within the meaning of the statute.

Plaintiff's argument that the parties are tenants in common cannot be reconciled with the wording of the statute. Moreover, the argument proceeds from a false premise—that there is only one lot with two owners. As we have noted, the deeds to both lots describe each as separate parcels. Plaintiff, in fact, concedes that "the deeds, by themselves, do not grant possession, or the right to possession to the entire parent parcel—only to the separately described portions of the parent parcel," that is, lots 106 and 107.

■ Plaintiff's second argument is that, even if the parties do not otherwise satisfy the requirements of tenancy in

common, the court may, in the exercise of its equitable powers, deem them to be such. According to plaintiff, "plaintiff is held hostage by the defendant co-owner. * * * Under the circumstances, it is only fair to order sale and a pro rata apportionment of the net sale proceeds based on each owners' acreage." In support of that argument, plaintiff relies on the fact that a treatise on real property, 7 *Powell on Real Property* § 50.02[8] (2000), cites two Oregon Supreme Court cases— *Holbrook v. Holbrook*, 240 Or 567, 403 P2d 12 (1965), and *Erickson v. Erickson*, 167 Or 1, 115 P2d 172 (1941)—for the proposition that the courts have the ability to recognize a tenancy in common under appropriate circumstances even when the tenancy otherwise does not exist. Plaintiff acknowledges that his argument is based on a "generous read of those cases," but he asserts that it nevertheless supports the authority of the court to recognize a tenancy in common even when one otherwise would not exist in the absence of any other effective remedy.

Again, we are not persuaded. To begin with, neither *Holbrook* nor *Erickson* lends support to plaintiff's argument. Neither actually says anything about the authority of the courts to recognize a tenancy that does not otherwise exist in statute or at common law.

In *Holbrook*, a property settlement agreement provided that the parties to a dissolution would become "joint tenants" of certain property "and not * * * tenants by the entirety." The problem with the agreement was that ORS 93.180 had expressly abolished joint tenancy. The issue was whether the agreement nevertheless created the joint tenancy. The court answered the question in the negative, explaining that, "[t]here seems to be no reason for forbidding the creation of the common law form of joint tenancy. However, the legislature has seen fit to abolish it and we have found no way to read out of the statute (ORS 93.180) the express declaration that 'joint tenancy is abolished.' " 240 Or at 571. If the parties wish further relief, the court said, "[i]t would appear that there is need for legislation[.]" *Id.* Thus, the case says nothing one way or the other about the authority of the courts to expand upon legislatively enacted definitions of tenancies in land; to the contrary, it suggests that,

when the legislature has spoken to the issue, that ends the matter.

*Erickson* is even further afield from the issue at hand. In that case, the Supreme Court addressed the issue of how to construe two statutes that, on the surface, appeared to conflict. One statute abolished joint tenancy, while the other provided that conveyances to two or more persons created a tenancy in common, unless the conveyance expressly declared that the grantees took the land as joint tenants. The court addressed the matter as one of statutory construction and harmonized the two enactments by construing the latter to mean that conveyances to two or more persons created a tenancy in common, unless the conveyance declared that the grantees took the land as joint tenants, in which case the declaration would be taken to signify the creation of a tenancy with the right of survivorship, albeit not a "joint tenancy" as such. 167 Or at 15. Again, the case offers nothing to support plaintiff's argument in this case.

Aside from that, and in any event, plaintiff's argument once again proceeds from a mistaken assumption. Plaintiff contends that it is necessary for us to recognize a tenancy in common in this case because no other remedy is available. Actually, that is not the case. ORS 92.018 expressly sets out other remedies for buyers of improperly created lots or parcels. ORS 92.177 also provides owners of such properties the option of seeking relief from the county. Indeed, plaintiff acknowledges the possibility of a third remedy—rescission—but insists that it is not available, because neither party seeks it. The fact that a party may elect not to pursue other remedies, however, cannot be taken to mean that other remedies are not available. If, in this case, the remedies provided by law are unsatisfactory, perhaps, as in *Holbrook*, the answer lies with the legislature.

Affirmed.